crimination presently claimed in the first,[5] third, and fourth causes of action of the complaint in this action.

I would note probable jurisdiction and put this case down for oral argument.

No. 1472. NATIONWIDE THEATRES INVESTMENT Co. ET AL. v. THOMPSON ET AL. C. A. 2d Cir. Application for stay presented to THE CHIEF JUSTICE, and by him referred to the Court, denied.

No. 1058. PHILLIPS v. MARTIN MARIETTA CORP. C. A. 5th Cir. [Certiorari granted, 397 U. S. 960.] Motion of American Civil Liberties Union for leave to file a brief as *amicus curiae* granted.

No. 1405. GRIGGS ET AL. v. DUKE POWER Co. C. A. 4th Cir. The Solicitor General is invited to file a brief expressing the views of the United States. MR. JUSTICE BRENNAN took no part in the consideration or decision of this order.

No. 1979, Misc. PAYNE v. HOCKER, WARDEN;

No. 2067, Misc. MCCARTNEY v. SUPERIOR COURT, SAN BERNARDINO COUNTY, ET AL.; and

No. 2109, Misc. GARDNER v. CALIFORNIA ET AL. Motions for leave to file petitions for writs of habeas corpus denied.

No. 1392. INTERNATIONAL BROTHERHOOD OF BOILER-MAKERS, IRON SHIPBUILDERS, BLACKSMITHS, FORGERS & HELPERS, AFL–CIO v. HARDEMAN. C. A. 5th Cir. Cer-

---

[5] I assume that, because appellants' first cause of action rested solely on the Treaty of Guadalupe Hidalgo, the dismissal of that cause of action "with prejudice" would not prevent the bringing of a subsequent action, alleging the same acts of discrimination, based on the Fourteenth Amendment or other constitutional provision.

tiorari granted limited to Questions 1 and 3 presented by the petition which read as follows:

"1. Whether a federal court in a Section 102 proceeding reviewing an expulsion of a member by a union may apply a standard of review whereby the court substitutes its own factual findings and interpretations of the union's constitution and by-laws for those of the union."

"3. Whether the National Labor Relations Act, as amended, preempts an action brought under Section 102 of the Labor-Management Reporting and Disclosure Act wherein a former union member, claiming wrongful expulsion, does not seek restoration of membership rights but claims damages for an alleged loss of employment due to the union's alleged failure to refer him to employers."

No. 1127. WEISS ET AL. *v.* WYOMING EX REL. CARDINE. Sup. Ct. Wyo. Certiorari denied.

No. 1128. BELONDON *v.* CITY OF CASPER. Sup. Ct. Wyo. Certiorari denied.

No. 1253. FERRARA *v.* ILLINOIS. App. Ct. Ill., 2d Dist. Certiorari denied.

No. 1340. GORDON *v.* UNITED STATES. C. A. 5th Cir. Certiorari denied.

No. 1395. DETROIT & TOLEDO SHORE LINE RAILROAD CO. *v.* BROTHERHOOD OF LOCOMOTIVE FIREMEN & ENGINEMEN. C. A. 6th Cir. Certiorari denied.